UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: NIESHA TINSLEY, | ) | |
| | ) | Case No.: 19-30207-KRH |
| Debtor. | ) | |
| _____ | | |
| MERIDIAN SECURITY INSURANCE | ) | |
| COMPANY | ) | |
| 12900 N. Meridian St., Suite 200 | ) | |
| Carmel, Indiana 46032-5476 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| NIESHA TINSLEY | ) | |
| 7012 Swanhaven Drive, | ) | |
| North Chesterfield, Virginia 23234 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Meridian Security Insurance Company ("State Auto" or "Plaintiff"), one of the

State Auto Insurance Companies, by counsel, pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal

Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern

District of Virginia, states as follows for its Complaint for Declaratory Judgment against the

defendant, Ms. Niesha Tinsley ("Ms. Tinsley" or "Defendant"):[1]

---

[1] It is Plaintiff's understanding that a Motion to Dismiss Defendant's Chapter 13 bankruptcy action will be heard on
Tuesday, December 2, 2020.  In the event Defendant's bankruptcy case is dismissed, Plaintiff respectfully requests
that this Adversary Proceeding be transferred to the United States District Court for the Eastern District of Virginia
for adjudication.

{02254918.DOCX }

## JURISDICTION AND VENUE

1.       This adversary proceeding relates to the above-captioned Chapter 13 bankruptcy proceeding, which Defendant commenced on or about January 21, 2019, by and through the filing of a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code, Bankruptcy Case Number 19-30207-KRH (the "Bankruptcy Case").

2.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157, and it is a "core proceeding" because it seeks a determination and avoidance of potential assets of the estate and arises in and concerns matters affecting the administration of the estate in the above-captioned case, *see id.* §157(b)(2)(A).  *Id.*

3.       This Court has original jurisdiction under the provisions of Section 1332 of Title 28 of the United States Code, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.       This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and Section 2201 of Title 28 of the United States Code to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between State Auto and Ms. Tinsley of such immediacy that the Court must declare the rights of the parties.

5.       The venue of this action is properly predicated on Section 1391(A) of Title 28 of the United States Code in that Jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district and division in which Ms. Tinsley is domiciled, and in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6.      State Auto is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 12900 N. Meridian St., Suite 200, Carmel, Indiana 46032-5476. Therefore, State Auto is a citizen of the State of Indiana, and is not a citizen of the Commonwealth of Virginia. State Auto is licensed to do business under the laws of the Commonwealth of Virginia.

7.      Ms. Tinsley is a natural person domiciled at 7012 Swanhaven Drive, North Chesterfield, Virginia 23234. She is a citizen of the Commonwealth of Virginia, and is not a citizen of Indiana.

## INSURANCE CONTRACT

8.      State Auto issued Homeowners Insurance Policy Number 1000663597 to Ms. Tinsley on November 8, 2019, which was effective from November 20, 2019 to November 20, 2020 ("Insurance Contract"). A certified copy of the Insurance Contract is attached hereto as **Exhibit 1** to this Complaint for Declaratory Judgment and is incorporated by reference as if fully restated herein.

9.      Relevant provisions of the Insurance Contract are list below:

.      .      .

**2. Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:

**a.** Give prompt notice to us or our agent;

**b.** Notify the police in case of loss by theft;

**c.** Notify the credit card or fund transfer card company in case of loss under Credit Card or Fund Transfer Card coverage;

**d.** Protect the property from further damage.  If repairs to the property are required, you must:

**(1)** Make reasonable and necessary repairs to protect the property; and

**(2)** Keep an accurate record of repair expenses;

**e.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

**f.** As often as we reasonably require:

**(1)** Show the damaged property;

**(2)** Provide us with records and documents we request and permit us to make copies; and

**(3)** Submit to examination under oath and sign the same;

**g.** Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

**(1)** The time and cause of loss;

**(2)** The interest of the "insured" and all other in the property involved and all liens on the property;

**(3)** Other insurance which may cover the loss;

**(4)** Changes in title or occupancy of the property during the term of the policy;

**(5)** Specifications of damaged buildings and detailed repair estimates;

**(6)** The inventory of damaged personal property described in **2e.** above;

**(7)** Receipts for additional living expenses incurred and records that support the fair rental value loss; and

**(8)** Evidence or affidavit that supports a claim under the Credit Card, Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

Policy Number 1000663597, Form HO 0003 04 91, Section I – Conditions, Paragraph 2, Pages 9 and 10 of 18. *See also* Policy Number 1000663597, Form FI0145 (10/15), SPECIAL PROVISIONS – VIRGINIA, SECTION I - CONDITIONS, Paragraph 2, Page 4 of 6.

.     .     .

## VIRGINIA FRAUD STATEMENT

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

Policy Number 1000663597, Form IL N 106 09 03, Page 1 of 1.

.     .     .

## HOMEOWNERS 3 – SPECIAL FORM – SECTIONS I AND II – CONDITIONS

**2. Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, an "insured" has:

**a.** Intentionally concealed or misrepresented any material fact or circumstance;

**b.** Engaged in fraudulent conduct; or

**c.** Made false statements;

relating to this insurance.

Policy Number 1000663597, Form HO 0003 04 91, Sections I and II – Conditions, Paragraph 2, Page 17 of 18.

## STATEMENT OF CLAIM

10.     On or about January 31, 2020, a fire (the "Fire") occurred in the basement of 7012 Swanhaven Drive, North Chesterfield, Virginia 23234 (the "Residence").

11.     Ms. Tinsley reported the Fire to State Auto on January 31, 2020, and State Auto assigned Claim Number PR-0000000-282804 (the "Claim") to the Fire.

12.     State Auto proceeded with an investigation and evaluation of the Fire and the Claim under the Insurance Contract.

13.     Soon after the Fire, Ms. Tinsley began identifying and contacting contractors to perform repairs and remediation to the Residence.

14.      Among the contractors Ms. Tinsley contacted to perform repairs on the Residence was Daniel Construction of VA, LLC ("Daniel Construction").

15.      On February 14, 2020, Ms. Tinsley provided State Auto with an initial quote from Daniel Construction for the total repair and restoration of the Residence. This initial quote from Daniel Construction was in the amount of $110,963.23.

16.      State Auto then advanced payments to Ms. Tinsley for the full actual cash value of the Claim, that is, the replacement cost value minus depreciation, subject to a replacement cost claim which would be on the actual amounts paid to complete the repair or replacement of the damaged property.

17.      Based on information provided by Daniel Construction, after receiving the initial quote from Daniel Construction, Ms. Tinsley elected to have Daniel Construction only perform minimal work on the Residence that was limited to drywall, tile, trim, and paint.

18.      On June 10, 2020, Ms. Tinsley, for the first time, submitted to State Auto for payment an invoice, purportedly, from Daniel Construction ("Daniel Construction Invoice 1") seeking replacement cost coverage under the Insurance Contract. Daniel Construction Invoice 1 is attached as **Exhibit 2** to this Complaint for Declaratory Judgment.

19.      The Daniel Construction Invoice 1 is labelled as "INVOICE #235" and only states "Remaining Balance Due $57,897.00 (Immediately)."

20.      State Auto responded to Ms. Tinsley's submission of the Daniel Construction Invoice 1 by requesting additional information from Daniel Construction to better understand the invoice and the work performed. Specifically, State Auto asked Ms. Tinsley to request that Daniel Construction "add the total cost of repair work" because "[j]ust to show balance remaining could

be misunderstood by any regulators auditing the file and they would not be able to tell if we paid the claim fairly."

21.    On June 11, 2020, Ms. Tinsley submitted for payment a second invoice, purportedly, from Daniel Construction ("Daniel Construction Invoice 2") that expanded on the limited information contained in Daniel Construction Invoice 1. Daniel Construction Invoice 2 is attached as **Exhibit 3** to this Complaint for Declaratory Judgment.

22.    The Daniel Construction Invoice 2 contained the following information:

> Date: 06/11/20
> INVOICE#235
>                     Daniel Construction
>                     G. Contractors Class "A"
>         7431 Whitepine Rd. North Chesterfield VA. 23237
>             804.982.6019 or dcbuilding01@gmail.com
>
> Description: Repairs throughout the home due to fire and smoke damage. Three levels and the garage total size 3600 + sqft.
>
> Total Cost of Repairs $129,659.00
> Paid Amount $71,762.00
> Remaining Balance Due $57,897.00 (Immediately)

23.    As a result of the Daniel Construction Invoice 2, State Auto advanced replacement cost payment in the amount of $38,261.68 to Ms. Tinsley.

24.    Ms. Tinsley resubmitted Daniel Construction Invoice 2 seeking additional replacement cost payment under the Insurance Contract.

25.    As part of its continued investigation and evaluation of the Claim, State Auto contacted Daniel Construction, via telephone, on August 5, 2020.

26.    Daniel Construction informed State Auto that it only performed drywall, paint, trim, and tile repairs to the Residence.

27.     In total, Daniel Construction estimated that it performed about $4,000 worth of work to the Residence, but stated that it had not yet invoiced Ms. Tinsley for any of the limited repair work that it had performed.

28.     Further, Daniel Construction stated that, contrary to the representations of Ms. Tinsley, it did not create Daniel Construction Invoice 1 or Daniel Construction Invoice 2, and that Daniel Construction Invoice 1 and Daniel Construction Invoice 2 were not the type of invoices issued by Daniel Construction and did not look like any of their other invoices.

29.     State Auto's investigation revealed that Ms. Tinsley falsely submitted Daniel Construction 1 and Daniel Construction 2 to State Auto in her attempts to obtain replacement cost payment from State Auto for work that she said was performed by Daniel Construction.

30.     Ms. Tinsley's false submission of Daniel Construction Invoice 1 and Daniel Construction Invoice 2 to State Auto constitute misrepresentations pertaining to the Claim that were material to State Auto's investigation and evaluation of the Claim.

31.     As a result of Ms. Tinsley false submissions and material misrepresentations to State Auto, the Insurance Contract is void *ab initio*.

32.     Further, as part of the restoration of the Residence, Ms. Tinsley contacted Servpro of Chesterfield, Richmond, Henrico, Tri-Cities ("Servpro") to clean and restore the personal property items within the Residence to its condition immediately prior to the Fire.

33.     Servpro carefully performed the requested cleaning and successful restored Ms. Tinsley's personal property to their condition immediately prior to the Fire.

34.     Servpro attempted to deliver the restored items to Ms. Tinsley on July 8, 2020, but Ms. Tinsley refused to accept all of the carefully cleaned items.

35.     State Auto requested that Ms. Tinsley prepare a list of the items that she was rejecting and the reason for rejection, but Ms. Tinsley responded by only stating that everything is still damaged and that it all needs to be replaced.

36.     Rather than providing a list of restored items that she was rejecting and the reasons for rejection, Ms. Tinsley provided State Auto with a list of all of the personal property items that she alleges were in the Residence at the time of the Fire (the "Tinsley Personal Property List").

37.     The Tinsley Personal Property List contains a short description of the personal property items alleged to have been in the Residence at the time of Fire, the alleged location within the Residence of each personal property item at the time of the Fire, the alleged age of each personal property item at the time of the Fire, and the alleged value of each personal property item at the time of the Fire. The Tinsley Personal Property List is attached as **Exhibit 4** to this Complaint for Declaratory Judgment.

38.     Regarding the Tinsley Personal Property List, Ms. Tinsley stated to State Auto that she prepared the entire Tinsley Personal Property List by memory. Ms. Tinsley was not able to verify or substantiate the value, the description, the location, or the age of any item on the Tinsley Personal Property List.

39.     Ms. Tinsley submitted the Tinsley Personal Property List to State Auto with the intent to receive payment for the total amount claimed for each item on the Tinsley Personal Property List.

40.     The Tinsley Personal Property List constitutes gross and unsupportable misrepresentations that were designed by Ms. Tinsley to falsely obtain payment from State Auto and to mislead State Auto's investigation and evaluation of the Claim.

41.     Based on Ms. Tinsley's misrepresentations contained in the Tinsley Personal Property List, the Insurance Contract is void *ab initio*.

42.     After Ms. Tinsley submitted Daniel Construction Invoice 1, Daniel Construction Invoice 2, and the Tinsley Personal Property List and after Daniel Construction informed State Auto that they had not performed the work alleged or created the purported invoices, State Auto retained Leslie Robson, CPA of Robson, P.C. as a forensic accountant to assist State Auto in the investigation and evaluation of the Claim and determine Ms. Tinsley's financial condition.

43.     State Auto sent Ms. Tinsley a Reservation of Rights letter on September 3, 2020 ("First Reservation of Rights Letter"), which specifically requested that Ms. Tinsley fully complete and execute a Sworn Statement in Proof of Loss detailing the Claim; that Ms. Tinsley complete and sign a Request for Authorization to Obtain Information form so that State Auto could directly contact contractors, subcontractors, and other relevant third-parties related to the Claim in an effort to verify the representations made by Ms. Tinsley regarding the Claim; and that Ms. Tinsley provide a number of documents carefully tailored to State Auto's evaluation of the Claim and attempts to verify the repairs to the Residence. The First Reservation of Rights Letter is attached as **Exhibit 5** to this Complaint for Declaratory Judgement.

44.     Specifically, in the First Reservation of Rights Letter, State Auto requested: (1) all documents related to the Claim, (2) all damage and repair estimates produced by third-parties related to the Claim, (3) all invoices provided to Ms. Tinsley by third-parties related to the Claim, (4) all payments by Ms. Tinsley to third-parties related to the Claim, (5) all payments received by Ms. Tinsley from State Auto related to the Claim, (6) all photographs or other visual documentation related to the Claim, (7) all communications, in any format, related to the Claim,

and (8) all documents related to any other claims filed with any other insurance companies since 2010.

45.     State Auto also made it clear in the First Reservation of Rights Letter that Ms. Tinsley's failure to cooperate with State Auto and/or comply with her duties under the Insurance Contract may void the Insurance Contract and/or bar the Claim. State Auto also expressly reserved its right to file a declaratory judgment action and seek reimbursement of the amount paid and advanced on the Claim.

46.     Shortly thereafter, on September 17, 2020, Mr. Robson sent a letter to Ms. Tinsley requesting documents and records from Ms. Tinsley that State Auto had not yet requested. The documents requested by Mr. Robson were specifically tailored to the Claim and necessary for him to properly assess the Claim and assist State Auto in its investigation of the Claim. Mr. Robson's letter from September 17, 2020 is attached as **Exhibit 6** to this Complaint for Declaratory Judgment.

47.     Specifically, Mr. Robson requested: (1) copies of Ms. Tinsley's income tax returns from 2015 to 2019, (2) copies of Ms. Tinsley's W-2 Forms from 2015 to 2019 for all jobs held by Ms. Tinsley, (3) copies of monthly (or quarterly) statement for all checking, savings, and credit union accounts from January 2016 through August 2020, (4) copies of monthly statements for each credit card and charge card under which Ms. Tinsley is or has been obligation from July 2016 to August 2020, (5) a copy of monthly statements for each mortgage loan under which Ms. Tinsley was obligated from January 1, 2016 to January 31, 2020, (6) a copy of monthly statements for each home equity line-of-credit, consumer loan and other loan agreement under which Ms. Tinsley was obligated at any time from January 1, 2016 through June 30, 2020, (7) a complete copy of Ms. Tinsley's credit report, (8) complete copies of all documents relating to any and all bankruptcies

filed between June 11, 2010 and June 11, 2020, (9) copies of the deeds for each piece of real estate owned by Ms. Tinsley, (10) copies of the titles for each automobile or vehicle owned by Ms. Tinsley, (11) copies of stock certificates, bond certificates, and certificates of deposit for any and all stocks, bonds, and certificates of deposit that Ms. Tinsley owned between January 2020 and June 2020, (12) copies of account statements for January 2019 through August 2020 for any and all stocks, bonds, commercial paper, marketable securities, and certificates of deposit (13) copies of all leases under which Ms. Tinsley was obligated at any time during January 2020 through August 2020, (14) copies of monthly or quarterly statements from any and all 401K plans, 403B plans, Individual Retirement Accounts, and/or any other retirement accounts owned by Ms. Tinsley, (15) copies of all cancelled checks from any and all bank accounts owned by Ms. Tinsley from January 2019 to August 2020, (16) invoices, receipts, appraisal reports, and/or appraisal certificates for any and all jewelry, investment metals, artwork and/or other collectibles that Ms. Tinsley owned at any time from January 2019 through August 2020, (17) inventories of the contents of any and all safety deposit boxes that Ms. Tinsley rented or owned at any time from January 2016 through August 2020, (18) copies of any and all personal financial statements prepared by or on behalf of Ms. Tinsley between January 2016 and June 30, 2019, (19) copies of paycheck stubs for Ms. Tinsley from January 2019 through August 2020, (20) an inventory of the contents of the Residence that Ms. Tinsley claims was damaged or destroyed in the Fire, (21) copies of any and all appraisal reports, receipts, invoices, vendor statements, credit card slips, debit card slips and/or bills-of-sale that support any or all of the items on the inventory of contents described above, and (22) copies of documents related to any and all closely-held businesses in which Ms. Tinsley held any ownership interest from January 2016 through August 2020.

48.     On October 8, 2020, Ms. Tinsley responded to the First Reservation of Rights Letter by refusing to provide a fully and correctly completed Sworn Statement in Proof of Loss, refusing to sign the Request for Authorization to Obtain Information form, and substantially refusing to provide the documents requested.

49.     More specifically, Ms. Tinsley failed to provide State Auto with all documents related to the Claim, failed to provide all damage and repair estimates produced by third-parties related to the Claim, failed to provide all invoices provided by third-parties to Ms. Tinsley related to the Claim, failed to provide copies of all payments made by Ms. Tinsley to third-parties related to the Claim, failed to provide copies of all payments from State Auto to Ms. Tinsley, failed to provide all photographs and other visual documentation related to the Claim, failed to provide all communications related to the Claim, and failed to provide any documents related to any other insurance claims filed by Ms. Tinsley with other insurance companies.

50.     Ms. Tinsley never responded to the September 17, 2020 letter from Mr. Robson to Ms. Tinsley, and, accordingly, failed to provide any documents requested by Mr. Robson.

51.     On October 20, 2020, State Auto sent Ms. Tinsley a follow-up Reservation of Rights letter ("Second Reservation of Rights Letter") renewing its request for the documents that Ms. Tinsley failed to produce, renewing its request that Ms. Tinsley fully complete and execute a Sworn Statement in Proof of Loss, and renewing its request that Ms. Tinsley complete and sign the Authorization to Obtain Information form. The Second Reservation of Rights Letter is attached as **Exhibit 7** to this Complaint for Declaratory Judgment.

52.     In the Second Reservation of Rights Letter, State Auto also advised Ms. Tinsley of the deficiencies in her purported Sworn Statement in Proof of Loss and explained the importance of the Authorization to Obtain Information form. As the mortgagee would not provide material

information without Ms. Tinsley's consent, State Auto requested that she obtain and submit the

mortgagee file on the Residence. Further, State Auto reminded Ms. Tinsley of her obligations

under the Insurance Contract to provide a fully complete Sworn Statement in Proof of Loss, and

cooperate with State Auto's investigation of the Claim.

53.    As with the First Reservation of Rights Letter, State Auto made it clear that Ms.

Tinsley's failure to cooperate with State Auto and/or comply with her duties under the Insurance

Contract may void the Insurance Contract and/or bar the Claim. State Auto also expressly reserved

its right to file a declaratory judgment action and seek reimbursement of the amount paid and

advanced on the Claim.

54.    Mr. Robson also sent a follow-up letter to Ms. Tinsley, on or about October 22,

2020, noting Ms. Tinsley's failure to respond to his document request from September 17, 2020

and renewing his request for all documents previously requested from Ms. Tinsley. Mr. Robson's

October 22, 2020 letter is attached as **Exhibit 8** to this Complaint for Declaratory Judgment.

55.    Ms. Tinsley responded to the Second Reservation of Rights Letter by, again,

refusing to produce a fully completed and executed Sworn Statement in Proof of Loss, refusing to

complete and sign the Authorization to Obtain Information form, refusing to provide State Auto

with all documents related to the Claim, refusing to provide all damage and repair estimates

produced by third-parties related to the Claim, refusing to provide all invoices provide by third-

parties to Ms. Tinsley related to the Claim, refusing to provide copies of all payments made by

Ms. Tinsley to third-parties related to the Claim, refusing to provide copies of all payments from

State Auto to Ms. Tinsley, refusing to provide all communications related to the Claim, refusing

to provide any documents related to any other insurance claims filed by Ms. Tinsley with other

insurance companies, and refusing to provide the mortgagee documents requested by State Auto.

56.     Ms. Tinsley, again, failed to respond in any way to Mr. Robson's document request, including failing to produce any documents of any kind to Mr. Robson.

57.     Ms. Tinsley has failed to provide material documents that were requested in the First Reservation of Rights Letter, the Second Reservation of Rights Letter, the September 17, 2020 letter from Mr. Robson, and the October 22, 2020 letter from Mr. Robson.

58.     Ms. Tinsley's failure to comply with State Auto's repeated document requests, failure to sign the Authorization to Obtain Information form, and failure to fully complete an accurate Sworn Statement in Proof of Loss thwarted State Auto's investigation of the Claim and prevented State Auto from obtaining information necessary and relevant to its evaluation of the Claim.

59.     These failures by Ms. Tinsley constitute material breaches of the Insurance Contract's terms and conditions.

60.     Given Ms. Tinsley's repeated failure and refusal to provide the requested information and documents. State Auto decided it was necessary to conduct an Examination Under Oath ("EUO") of Ms. Tinsley.

61.     On November 13, 2020, State Auto sent a letter to Ms. Tinsley requesting that she appear for an EUO and setting her EUO for November 24, 2020. The November 13, 2020 letter from State Auto to Ms. Tinsley is attached as **Exhibit 9** to this Complaint for Declaratory Judgment.

62.     In the November 13, 2020 letter, State Auto requested that Ms. Tinsley bring all of documents previously requested in the First Reservation of Rights Letter, the Second Reservation of Rights Letter, the September 17, 2020 letter from Mr. Robson, and the October 22, 2020 letter from Mr. Robson with her to the EUO.

63.     Also in the November 13, 2020 letter, State Auto requested that Ms. Tinsley make herself available for the entire day of November 24, 2020 so that the EUO could fully cover all aspects of the Claim and be completed in a timely manner. State Auto restated its reservation of rights and emphasized the importance of complying with State Auto's requests. State Auto also asked Ms. Tinsley to preserve and protect any and all information, documents, tangible property, and evidence (whether in electronic, hard copy, or any other format) in any way related to the Claim.

64.     The EUO was conducted virtually on November 24, 2020. Although the EUO was scheduled to begin at 9:30 a.m., the EUO did not begin until after 10:00 a.m. due to Ms. Tinsley's tardiness.

65.     After the EUO began, Ms. Tinsley notified State Auto that, despite its requests, she had not brought any documents with her to the EUO and would have to leave at 1:30 p.m. Ms. Tinsley contacted State Auto on November 17, 2020 to request a virtual EUO, but failed to notify State Auto, prior to the date of the EUO, that she would have to leave at 1:30 p.m. and that she would not be bringing any documents with her to the EUO.

66.     Further, Ms. Tinsley said that she was late to the EUO because, after receiving State Auto's letter setting her EUO, she purchased a new phone and was still unfamiliar with its operation. Ms. Tinsley also stated that all of the information on her previous phone had been erased, including but not limited to the Daniel Construction Invoice 1, the Daniel Construction Invoice 2, all of the emails relating to the Claim, and all other information relating to the Claim.

67.     Ms. Tinsley failed to preserve the electronic data related to this Claim on her previous cell phone, in contravention of State Auto's specific demand for Ms. Tinsley to preserve all electronic documents pertaining to this Claim.

68. During the EUO, Ms. Tinsley confirmed that she refused and failed to substantially comply with State Auto's multiple document requests, and confirmed that she never provided any documents of any kind to Mr. Robson.

69. By her own admissions, Ms. Tinsley has failed to cooperate with State Auto's investigation of the Claim despite State Auto's repeated attempts to obtain the necessary and relevant information to properly evaluate the Claim. Ms. Tinsley's failure to cooperate constitutes a material breach of the Insurance Contract.

70. Furthermore, over the course of the Claim, State Auto has advanced payments in the total amount of $258,255.19 to and on behalf of Ms. Tinsley.

71. Given Ms. Tinsley's material misrepresentations to State Auto and her material breach of the Insurance Contract, State Auto seeks to void *ab initio* the Insurance Contract and seeks reimbursement from Ms. Tinsley for all payments to her and on her behalf that were advanced and/or paid by State Auto during the pendency the Claim.

72. State Auto reserves the right to amend this Complaint to assert other exclusions and/or defenses to any claim as may become evident during the course of this litigation.

<u>**COUNT I**</u>
**MATERIAL MISREPRESENTATIONS OR OMISSIONS IN THE SUBMISSION OF THE CLAIM**

73. The preceding and following paragraphs of this Complaint are incorporated by reference as if fully restated herein.

74. The Insurance Contract provides that the entire policy will be void *ab initio* if Ms. Tinsley intentionally conceals or misrepresents any material fact, engages in fraudulent conduct, and/or makes false statements. *See* Exhibit 1, Policy Number 1000663597, Form HO 0003 04 91,

Sections I and II – Conditions, Paragraph 2, Page 17 of 18; *see also* Policy Number 1000663597, Form IL N 106 09 03, Page 1 of 1.

75.    Ms. Tinsley intentionally concealed from and/or misrepresented to State Auto a number of facts related to the Claim. These misrepresentations include, but are not limited to, the lack of authenticity of Daniel Construction Invoice 1 and Daniel Construction Invoice 2, the value of the work performed by Daniel Construction, and the extent of the work performed by Daniel Construction.

76.    In addition, Ms. Tinsley intentionally concealed from and/or misrepresented to State Auto a number of facts related to the Tinsley Personal Property List. These misrepresentations include, but are not limited to, the age of the items on the Tinsley Personal Property List, the description and condition of the items on the Tinsley Personal Property List, and the value of the items on the Tinsley Personal Property List.

77.    Under the Insurance Contract, Ms. Tinsley's intentional concealment and/or misrepresentations of fact void the entire Insurance Contract.

WHEREFORE, State Auto prays that this Court declare: (1) Ms. Tinsley made material misrepresentations or omissions of fact that include, but are not limited to, material misrepresentations or omissions concerning the replacement cost value of the Claim, particularly the false submission of the Daniel Construction Invoice 1, the false submission of the Daniel Construction Invoice 2, and the overvaluation of personal property items listed in the Tinsley Personal Property List; (2) Ms. Tinsley's material misrepresentations or omissions render the Insurance Contract void *ab initio*; and, therefore, (3) State Auto seeks reimbursement from Ms. Tinsley for all funds advanced during the pendency of the Claim.

## <u>COUNT II</u>
## FAILURE TO COMPLY WITH CONDITIONS PRECEDENT AND FAILURE TO SATISFY THE DUTY TO COOPERATE WITH STATE AUTO'S INVESTIGATION OF THE CLAIM

78.      The preceding and following paragraphs of this Complaint are incorporated by reference as if fully restated herein.

79.      The Insurance Contract states that, in case of a covered loss, Ms. Tinsley must provide State Auto with records and documents as are reasonably requested by State Auto. *See* Exhibit 1, Policy Number 1000663597, Form HO 0003 04 91, Section I – Conditions, Paragraph 2, Page 9 of 18.

80.      Ms. Tinsley has failed and refused to comply with State Auto repeated attempts to obtain records and documents necessary to fully evaluate and investigate the Claim by refusing to provide material documents requested by State Auto, failing to fully complete a Sworn Statement in Proof of Loss, failing to sign the consent form and allowing State Auto to obtain information from third-parties related to the Claim, and failing to preserve the electronic data on her cell phone pertaining to the Claim.

81.      Ms. Tinsley's failure and refusal to produce the documents and records requested in the First Reservation of Rights Letter, the Second Reservation of Rights Letter, the September 17, 2020 letter from Mr. Robson, and the October 22, 2020 letter from Mr. Robson is a material breach of the Insurance Contract's cooperation conditions. *See* **Exhibit 1**, Policy Number 1000663597, Form HO 0003 04 91, Section I – Conditions, Paragraph 2, Page 9 of 18.

82.      Ms. Tinsley's failure and refusal to fully complete and execute a Sworn Statement in Proof of Loss is a material breach of the Insurance Contract's cooperation conditions. *See* **Exhibit 1**, Policy Number 1000663597, Form HO 0003 04 91, Section I – Conditions, Paragraph 2, Page 10 of 18.

83.     Ms. Tinsley's failure and refusal to sign the Authorization to Obtain Information form is a material breach of the Insurance Contract's cooperation conditions. *See* **Exhibit 1**, Policy Number 1000663597, Form HO 0003 04 91, Section I – Conditions, Paragraph 2, Page 9 of 18.

84.     As a result of Ms. Tinsley's material breaches of the Insurance Contract's cooperation conditions, State Auto has no duty to pay insurance benefits to Ms. Tinsley in connection with the Claim.

85.     WHEREFORE, State Auto prays that this Court declare: (1) that Ms. Tinsley has failed to comply with the Insurance Contract's cooperation conditions by failing and refusing to provide records and documents requested by State Auto, (2) that Ms. Tinsley's failure and refusal to provide records and documents requested by State Auto is a material breach of the Insurance Contract, and (3) Ms. Tinsley's material breach of the Insurance Contract bars the Claim.

## RESERVING RIGHTS TO AMEND

State Auto reserves the right to amend this pleading to allege additional facts, causes of action and/or defenses to coverage, to the extent such causes of actions and/or defenses to coverage are revealed in discovery or continued investigation of this matter.

WHEREFORE, State Auto respectfully prays that this Court enter an Order adjudging, ordering, and decreeing that:

(1) The Insurance Contract is void *ab initio* because of Ms. Tinsley's material misrepresentations and/or omissions to State Auto during the pendency of the Claim;

(2) The Claim is barred because of Ms. Tinsley's material breaches of the Insurance Contract and failure to comply with the Insurance Contract's cooperation conditions;

(3) Ms. Tinsley shall refund to State Auto any and all advance payments that State Auto provided to Ms. Tinsley or on behalf of Ms. Tinsley during the pendency of the Claim; and

(4) State Auto is awarded all such other and further relief as the Court may deem appropriate and just.

Respectfully submitted,
**MERIDIAN SECURITY INSURANCE COMPANY**

By _____
                    Of Counsel

MIDKIFF, MUNCIE & ROSS, P.C.
Michael R. Spitzer, II (VSB No. 68678)
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600 (telephone)
(804) 560-5997 (facsimile)
mspitzer@midkifflaw.com
*Counsel for Plaintiff*